UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SEAN WELCH,  )
  Plaintiff,  )
    )
vs.  )  Case No. 21-2318
    )
MACON COUNY JAIL and  )
TOMIKA REHMANN,  )
  Defendants  )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, has identified two Defendants: the Macon County Jail and Health Administrator Tomika Rehman. However, the jail is not a proper Defendant since it is a building and not a person capable of being sued pursuant to 42 U.S.C. §1983. *See White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018*); Laughman v. Baker*, 2020 WL 5653397, at *1 (S.D.Ind. Sept. 23, 2020). Instead, Plaintiff must identify individuals who were personally involved in the deprivation of his constitutional rights. *Wilson v. Warren Cty., Illinois*, 830 F.3d 464, 469 (7th Cir. 2016). "A defendant is

personally responsible '*if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.*'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

Plaintiff says when he first entered the Macon County Jail he was only quarantined for a short period of time, but Plaintiff also admits he initially tested negative for COVID-19. On November 14, 2021, Plaintiff told a nurse he was not feeling well and she administered a COVID test. The nurse returned later and said she wanted to re-test Plaintiff and then send the swab to a local hospital for more accurate results. The next day, Plaintiff learned he and another inmate had tested positive. The other inmate was moved to Plaintiff's living unit, but they were not quarantined. When Plaintiff's condition worsened, he was taken to the infirmary.

It is unclear whether Plaintiff was a pretrial detainee or convicted prisoner at the time of his allegations. If Plaintiff was a pretrial detainee, his claim would be pursuant to the Fourteenth Amendment, and he must allege Defendant's conduct was objectively unreasonable. *See Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018). If Plaintiff was instead a convicted prisoner, his claim would proceed pursuant to the Eighth Amendment, and he must allege the Defendant was deliberate indifference to his serious medical condition. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Either way, Plaintiff has failed to articulate a claim. Plaintiff has not mentioned any involvement by Defendant Rehmann. In addition, Plaintiff was given a COVID test when he reported feeling ill and admits receiving medical attention for his

symptoms. "The mere fact that a prisoner has contracted COVID-19 does not state a constitutional claim." *Lloyd v. Hinthorne*, 2021 WL 5989133, at *2 (C.D.Ill. Dec. 17, 2021).

In addition, Plaintiff says he was quarantined when he first arrived and tested negative. Although Plaintiff believes he should have been quarantined after he tested positive, he has not alleged this decision had any impact on his medical condition.

Plaintiff next alleges Defendant Rehmann administered the COVID vaccine to Plaintiff on December 15, 2021. Plaintiff does not believe the correct needle was used since he could not move his left shoulder afterwards. Plaintiff has noted common side effects at the site of vaccine and not a serious medical condition.[1]

Plaintiff says he was later taken to an outside hospital for a CT scan. Plaintiff does not explain why a scan was ordered. "When I got there they told staff that I haven't been by COVID people and that I have tested negative for it" which Plaintiff claims was a lie. (Comp., p. 6). Plaintiff has not articulated a constitutional violation based on the inaccurate information.

Throughout his complaint, Plaintiff mentions other inmates who also became sick with COVID due to the "negligence" of jail staff. *See i.e.* (Comp., p. 6). Plaintiff must limit his complaint to claims which impacted him. Plaintiff may not proceed on behalf of other Macon County Jail Inmates. In addition, allegations of negligence do not

---

[1] CDC, Possible Side Effects After Getting a COVID-19 Vaccine, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/expect/after.html (last vistied April 11, 2022).

rise to the level of a constitutional violation. *See i.e. Perkins v. Tazewell County Justice Center,* 2022 WL 989033, at *1 (C.D.Ill. March 31, 2022)

Plaintiff also includes a vague claim alleging Defendant Rehmann gave out medical information in violation of the Health Insurance Portability and Accountability Act (HIPAA). It is not clear what information was involved or if it involved Plaintiff's medical condition. Regardless, "courts have routinely held that HIPAA does not create a private cause of action pursuant to 42 U.S.C. § 1983." *Phillips v. Department of Corrections*, 2020 WL 3971625, at *2 (E.D.Wis. July 14, 2020), *citing Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011).

Plaintiff finally alleges Defendant Rehmann retaliated against him for his complaints. To state a retaliation claim, plaintiff must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [d]efendants' decision to take the retaliatory action." *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir.2009) (internal quotations omitted). Plaintiff has not clearly stated what action the Defendant took to retaliate against him for his complaints.

For the stated reasons, Plaintiff has failed to state a claim upon which relief can be granted and therefore his complaint is dismissed. If Plaintiff believes he can articulate a constitutional violation, he may file an amended complaint. However, Plaintiff must follow these directions:

1) His proposed amended complaint must stand complete on its own, include all claims and defendants, and must not refer to his previous complaint.

2) Plaintiff's amended complaint must include a short and plain statement of his intended claims pursuant to Rule 8 of the Federal Rules of Civil Procedure. *See* Fed.R. Civ.P. 8.  For each claim, Plaintiff should state what happened, when it happened, how any Defendant was involved, and if the conduct had any impact on Plaintff.

3) Plaintiff must limit his complaint to claims which involved his stay at the Macon County Jail and must not include exhibits or claims involving other inmates.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed pursuant to 28 U.S.C. §1915A for failure to state a claim upon which relief can be granted.

2) Plaintiff may file a proposed amended complaint on or before May 5, 2022.  If Plaintiff fails to file an amended complaint on or before the deadline or fails to follow the Court's directions, his case will be dismissed.

3) Plaintiff's motion for appointment of counsel is also denied with leave to renew after he clarifies his claims. [4].  Plaintiff is reminded he must demonstrate an attempt to find counsel on his own such as a list of attorneys contacted, or copies of letters sent or received. See *Eagan v. Dempsey*, 2021 WL 456002, at *8 (7th Cir. 2021).

4) Plaintiff is reminded he must IMMEDIATELY notify the Court in writing of any change in his address or telephone number.  Failure to provide this information will lead to the dismissal of his lawsuit.

5) The Clerk of the Court is to provide Plaintiff with a blank complaint form to assist him and reset the internal merit review deadline within 30 days of this order.

Entered this 12th day of April, 2022.

                                            s/James E. Shadid

                                    _____
                                          JAMES E. SHADID
                                 UNITED STATES DISTRICT JUDGE