E-FILED
Tuesday, 18 October, 2022  04:43:17 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SEAN WELCH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-2318 |
| | ) | |
| MACON COUNY JAIL, | ) | |
| Defendants | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's Motion for Leave to File an Amended Complaint. [11].

Plaintiff's initial complaint was dismissed for failure to state a claim upon which relief could be granted. *See* April 12, 2022 Merit Review Order.  Plaintiff was given additional time to file an amended complaint and directions to assist him in clarifying his allegations. Plaintiff was further advised he must limit his claims to incidents which directly impacted him, not other inmates.

Plaintiff has now submitted a new complaint which has been filed as a Motion for Leave to File an Amended Complaint. [11].  The motion is granted pursuant to Federal Rule of Civil Procedure 15. [11].

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

1

(2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Amended Complaint lists five Defendants including Health Care Administrator Tomika Rehmann, the Macon County Sheriff's Office, Sheriff Jim Root, Nurse Kedra Emmerling, and Nurse Susan Glermann. Plaintiff no longer includes the Macon County Jail since it is not a proper Defendant in a lawsuit pursuit to 42 U.S.C. §1983. *See* April 12, 2022 Merit Review Order, p. 1

Plaintiff's amended complaint is one paragraph and does not mention specific dates or time periods. (Comp, p. 5-6). Plaintiff claims Defendant Rehmann knew Plaintiff suffered with a lung condition, but intentionally moved an inmate with COVID into his housing unit placing Plaintiff's life in danger. Plaintiff further alleges Defendant Sheriff Root did not require staff to wear masks and did not properly quarantine inmates. Therefore, everyone within the housing unit had COVID within four days.

Plaintiff has attached documents indicating he was complaining about potential symptoms in October of 2021, and he appears to have tested positive for COVID on November 14, 2021. (Amd. Comp, p. 12). Plaintiff says he now suffers from long haul COVID and takes various medications.

Plaintiff has still not clarified whether he was a pretrial detainee or a convicted prisoner at the time of his allegations. Therefore, it is unclear whether he has stated a claim against Defendants Rehmann and Root pursuant to the Eighth or Fourteenth Amendment. For instance, if Plaintiff was a convicted prisoner, then he must

2

demonstrate the two Defendants were deliberately indifferent to his serious medical condition. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir.2008).   If Plaintiff was a pretrial detainee (still awaiting resolution of a criminal charge), then his claim is pursuant to the Fourteenth Amendment. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 354 (7th Cir. 2018). Plaintiff would need to demonstrate he suffered from an objectively serious medical condition and: (1) the Defendants "acted purposefully, knowingly, or perhaps even recklessly" in handling Plaintiff's medical issue; and (2) Defendants' actions were objectively unreasonable. *Floyd v. Aramark*, 2018 WL 6182628, at *1 (C.D.Ill. Nov. 7, 2018); *citing Miranda*, 900 F.3d at 343.

Either way, Plaintiff has articulated a claim against Defendants Root and Rehmann when they failed to follow proper protocols and unnecessarily exposed Plaintiff to COVID in approximately October or November of 2021.  The claim is against the Sheriff in his official capacity. Plaintiff next alleges a doctor and Nurse Kedra came to see him.  The doctor stated he did not know why Plaintiff was there.  Therefore, Plaintiff says Defendant Rehmann never submitted his "paperwork." (Amd. Comp, p. 5).  Plaintiff next states: "In front of 22 inmates, he and Nurse Kedra said this." (Amd. Comp., p. 5).  It is unclear what Plaintiff is referencing. (Amd. Comp., p. 5). Plaintiff then again refers vaguely to violations of the Health Insurance Portability and Accountability Act (HIPAA) and mentions "medical negligence."(Amd. Comp., p. 5).

The Court has previously explained, "HIPAA does not create a private cause of action pursuant to 42 U.S.C. § 1983." *Phillips v. Department of Corrections*, 2020 WL 3971625, at *2 (E.D.Wis. July 14, 2020), *citing Carpenter v. Phillips*, 419 F. App'x 658, 659

(7th Cir. 2011).  Therefore, Plaintiff may **not** pursue claims pursuant to HIPAA in this lawsuit.  In addition, it is unclear what Plaintiff is alleging the doctor and nurse said in front of the other inmates other than they did not know why he needed medical care.

However, for the purposes of notice pleading, Plaintiff has alleged Defendant Nurse Emmerling and Administrator Rehmann violated his constitutional rights when they delayed care for COVID symptoms.

Negligence or even gross negligence does not state a constitutional violation. *See Giles v. Tobeck*, 895 F.3d 510, 513 (7th Cir. 2018). However, it's possible Plaintiff also intended to allege the state law tort of medical malpractice against Defendants Emmerling and  Rehmann for delaying medical care.  Plaintiff may proceed with this claim at this stage of the proceedings.

However, Plaintiff is admonished he MUST comply with the requirements of the Illinois Healing Arts Malpractice statute by the summary judgment deadline. *See* 735 ILCS 5/2-622 *et. seq*; *see also Young v. United States*, 942 F.3d 349 (7th Cir. Nov. 4, 2019) (allowing *pro se* Plaintiff until summary judgment stage to comply with affidavit requirement).  This statute requires Plaintiff to provide the Court with an affidavit and a "certificate of merit," a written report by a health professional attesting that there is a "reasonable and meritorious cause for the filing." 735 ILCS 5/2-622(a); *see also Hahn v. Walsh*, 762 F.3d 617, 628-33 (7th Cir. 2014) (Rule 2-622 applies to state law claim filed in federal court).  If Plaintiff fails to meet this requirement, his medical malpractice claim will be dismissed.

Finally, Plaintiff does not mention Nurse Susan Glermann is his complaint and consequently does not explain how she is involved in his allegations. *See Kuhn v. Milwaukee County*, 59 F. App'x 148, 150 (7th Cir. 2003) (merely naming defendants in the caption of a complaint does not state a claim against them); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)(district court properly dismissed *pro se* complaint where it alleged no specific conduct by the defendant and only included the defendant's name in the caption).  Therefore, the Court will also dismiss Defendant Glermann.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges: a) Defendants Root, the Macon County Sheriff's Office,  and Rehmann violated his constitutional rights in approximately October and November of 2021 when they failed to follow proper protocols and unnecessarily exposed Plaintiff to COVID; and b) Defendants Emmerling and Rehmann violated Plaintiff's constitutional rights and the state law tort of medical malpractice when they delayed care for COVID symptoms during the same time frame. The claim is against the Sheriff's Office and Sheriff Root is an official capacity claim. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give

Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an

answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.   The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's Motion for Leave to File an Amended Complaint. [11]; 2) Add Defendant Macon County Sheriff's Office, Sheriff Jim Root, and Nurse Kedra Emmerling; 3) Dismiss Defendants Macon County Jail and Nurse Susan Glermann for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 4) Attempt service on Defendants pursuant to the standard procedures; 5) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 6) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 18th day of October, 2022.

s/James E. Shadid

_____

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE